IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN L. NICHOLS, JR. | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JPM02CV3523 |
| CAROLINE COUNTY BOARD OF EDUCATION | * | |
| | * | |
| Defendant | * | |
| * * * * * * * * * * * | | |

## ANSWER TO AMENDED COMPLAINT

Caroline County Board of Education ("Defendant" or the "Board"), in answer to the Amended Complaint, states as follows (with the paragraph numbers referring to the paragraphs in the Complaint):

1. This Paragraph asserts legal conclusions to which no response is necessary.

2. This Paragraph asserts legal conclusions to which no response is necessary.

3. Defendant admits the allegations in the first sentence of Paragraph 3. Defendant denies the allegations in the second sentence of Paragraph 3. Plaintiff has not been continuously employed by the Board. The Board released Plaintiff from his contract in 1971 and reinstated him in 1972. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Amended Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Amended Complaint.

5. Defendant denies the allegations in the first sentence of Paragraph 5. Plaintiff has not been continuously employed by the Board. The Board released Plaintiff from his contract in 1971 and reinstated him in 1972. Defendant admits the remaining allegations in Paragraph 5 of the Amended Complaint.

6. Defendant denies the allegations in Paragraph 6 of the Amended Complaint.

7. Defendant admits that the Board required the Plaintiff to present a doctor's note for a sick day, but denies the remaining allegations in the first sentence of Paragraph 7. Defendant notes that the matter was found not to constitute discrimination in <u>Nichols v. Board of Education of Caroline County</u>, 123 F. Supp. 2d 320 (D. Md., Judge Harvey 2000), aff'd by the 4th Circuit, Case No. 01-1010 (unpublished), July 2001. Defendant admits the remaining allegations in Paragraph 7 of the Amended Complaint.

8. Defendant admits the allegations in Paragraph 8 of the Amended Complaint.

9. Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Amended Complaint.

13. Defendant admits the allegations in the first sentence of Paragraph 13. Defendant denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Amended Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Amended Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Amended Complaint, except that Defendant specifically denies the allegation that "no other similarly situated teacher was under such a restraint."

17. Defendant admits the allegations in Paragraph 17 of the Amended Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Amended Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint.

20. Defendant incorporates its response to Paragraphs 1 through 19 in response to the allegations in Paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22.     Defendant incorporates its response to Paragraphs 1 through 21 in response to the allegations in Paragraph 22 of the Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Defendant incorporates its response to Paragraphs 1 through 23 in response to the allegations in Paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

26.     Defendant incorporates its response to Paragraphs 1 through 25 in response to the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendant incorporates its response to Paragraphs 1 through 27 in response to the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

<u>ADDITIONAL DEFENSES</u>

<u>FIRST DEFENSE</u>

This Court is without jurisdiction to hear some of the complaints and/or award some of the relief requested by the Plaintiff.

## SECOND DEFENSE

The Plaintiff is precluded from pursuing certain of the claims alleged herein because he failed to exhaust his administrative remedies.

## THIRD DEFENSE

The Plaintiff's claims are barred in whole or in part by the Statute of Limitations.

## FOURTH DEFENSE

The Plaintiff's claims are barred in whole or in part by Laches.

## FIFTH DEFENSE

The Plaintiff is not entitled to punitive damages.

## SIXTH DEFENSE

The Plaintiff's damages claim is capped by Federal statutory and constitutional law.

WHEREFORE, Defendant requests that the Amended Complaint be dismissed and that it be awarded its costs and expenses, including attorneys fees, incurred in this action.

_____
Leslie Robert Stellman
(Federal Bar No. 1673)

_____
Steven B. Schwartzman
(Federal Bar No. 04686)
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland 21204
410-339-6746
410-938-8909 fax
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of March 2003, a copy of Defendant's Answer to Amended Complaint, which was electronically filed in this case on March 27, 2003, was mailed via first class mail, postage prepaid to Frederick P. Charleston, Esq., 2530 North Charles Street, Suite 201, Baltimore, Maryland 21281, attorney for Plaintiff.

_____

Steven B. Schwartzman

G:\files\STEVE\GENERAL\nichol answer to amended complaint.doc