IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN L. NICHOLS, JR. | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. |
| CAROLINE COUNTY BOARD OF EDUCATION | * | JFM-02-CV-3523 |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**STIPULATED ORDER PROTECTING
CONFIDENTIALITY OF INFORMATION**

IT IS STIPULATED AND AGREED by the parties to this action through their respective counsel and ORDERED by the Court that in connection with discovery in this action, any document or any information designated as "Confidential Material" by the producing party shall be used, shown or disclosed only as follows:

IT IS HEREBY ORDERED that:

1.    The following terms are used in this Order:

    (a)    "Producer" means a party to this action that produces information, including documents, responses to interrogatories and requests for production, and deposition testimony, in this action.

    (b)    "Designator" means a party that designates information as "Confidential Material."

    (c)    "Confidential Material" shall include but not be limited to any employee personnel file documents and records, including employment applications, teacher certifications, performance improvement plans, performance evaluations, records of discipline, employee addresses and telephone numbers, employee social security numbers, employee hire dates, employee

termination dates, records of employee termination, etc. This list is merely illustrative and confidential information is not limited to the illustrations.

2. The following protocol will be followed with respect to designation of information as Confidential Material:

(a) The parties will use their best efforts to limit the amount of information designated as Confidential Material.

(b) In the case of documents and the information contained therein, whether requested of a party or a nonparty, designation shall be made by promptly serving upon the recipient of the documents a notice that the documents are subject to the terms of this Order, or by marking the confidential materials as follows: "Confidential".

(c) In the case of responses to interrogatories or requests for admissions and the information contained therein, designation shall be made by means of a statement at the conclusion of such responses specifying the responses or parts thereof which are designated as confidential. An appropriate legend shall be placed on each page of any set of responses to interrogatories or requests for admissions which contain information designated as confidential.

(d) In the case of depositions which elicit confidential material, designation of the portion of the transcript (including exhibits) shall be made by a statement to such effect on the record in the course of the deposition, or within seven business days following receipt of the transcript or entry of this Order, whichever is later, by anyone whose Confidential Material was the subject of the depositions.

(e) If a confidential designation is made, a legend of confidentiality such as in paragraph (b) above shall be placed on the original and each copy of the transcript together with a

statement identifying the pages or portions of the pages of the depositions which are designated as confidential.

(f) A party may file deposition transcripts or portions of deposition transcripts in support of motions made in this action, so long as any portions designated as confidential are filed under seal. At the time of trial, depositions will be used in a manner consistent with the Federal Rules of Civil Procedure.

3. Confidential Material subject to this Order shall be used solely for purposes of this action, including any appeals. Except to the extent disclosed at any stage of the action in court or by judicial decision, all Confidential Material subject to this Order shall be kept in a confidential manner and may be disclosed to and disseminated among the following persons only:

(a) Counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to the provisions of this Order requiring that the documents and information be held in confidence.

(b) Employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed, except that those documents marked "Attorneys Eyes Only" shall not be disclosed to such employees.

(c) Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(d) Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

4. Confidential Material designated in this action shall not be disclosed to any third party, governmental agency or anyone not affiliated with a party to the litigation.

5. Nothing herein shall prevent disclosure as required by law or compelled by order of any court, or restrict any producer's use of its own Confidential Material.

6. Any person who makes any disclosure of Confidential Material permitted by this Order shall advise each person to whom such disclosure is made of the terms of this Order. Furthermore, all persons identified in paragraphs 3(b), (c) and (d) to whom Confidential Material is disclosed under this Order shall execute an affidavit in the form attached as <u>Exhibit A</u>, stating that they have received and read the Order, that they understand the Order, and that they will comply with the Order. Copies of such affidavits shall be held in escrow by counsel who provides access to the Confidential Material until further order of the Court or agreement by said counsel. These restrictions relevant to Confidential Material do not apply to use by a producer of Confidential Material which it produces.

7. Any party may use any Confidential Material covered by this Order in connection with motions or hearings in this action and may introduce such Confidential material at trial subject to the rules of evidence and the Federal Rules of Civil Procedure. Prior to trial, any party who intends to use material designated as Confidential Material at trial shall so notify the producer.

4

8. With respect to any Confidential Material designated in conformance with this Order, a party's counsel may at any time serve a written notice or objection to such designation upon the designator's counsel (with copies to counsel for every other party). The notice shall specify the materials which that objecting party believes are not properly classified as "Confidential," and shall specify the reasons for declassification. Within 15 days of receipt of the notice, the designator shall review the designated material sought to be declassified and provide written notice to every party stating whether the designator will agree to waive confidentiality. If the party and the designator cannot informally resolve the dispute after meeting and conferring in a good faith effort to avoid invoking this Court's intercession, any party shall be free to move to declassify the specified material. The notice of motion shall set forth a description of the nature of the designated material in question and the reasons why the movant believes it should be declassified. The designator shall have the burden of demonstrating that the Confidential Material for which declassification is sought is in fact confidential. The designated material in question shall continue to be treated as Confidential Material subject to the terms of this Order until the Court acts on the motion, and thereafter, if the Court's ruling does not declassify the material.

9. In the event that any Confidential Material is used in any court proceeding herein prior to trial it shall not lose its confidential status through such use.

10. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition by any party of documents or information received at any time by that party outside the discovery process in this action.

11. The failure to designate any particular information as "Confidential Material" shall not constitute a waiver of any party's assertion of confidentiality with respect to any other

5

information so designated.

12. Notwithstanding any other provision of this Order, the producer of such information and all parties to this action may stipulate in writing that any information is "Confidential Material" subject to the protection herein.

13. At the conclusion of this action, the parties agree to:

(a) Return all Confidential Materials, including copies thereof, to the producer; or

(b) Destroy all such materials and copies thereof. The producer may, at its option, require any party hereto which has elected to destroy all such Confidential Materials and copies thereof pursuant to subpart (b) above, to submit a certification attesting to the fact of such destruction. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

14. For good cause shown any producer or party may seek a modification, supplementation, or termination of the terms of this Order by attempting to obtain the consent of the producer(s), counsel for petitioners, and respondents. Absent such consent, the producer or party may make an appropriate application to the Court upon notice.

IT IS SO ORDERED this _____ day of _____, 2003.

_____
Judge

| | |
|---|---|
| _____/s/_____<br>Leslie R. Stellman | _____/s/_____<br>Frederick P. Charleston<br>2530 N. Charles Street<br>Suite 201<br>Baltimore, MD 21202<br>(410) 662-0010 |
| _____/s/_____<br>Steven B. Schwartzman<br>HODES, ULMAN, PESSIN & KATZ, P.A.<br>901 Dulaney Valley Road - Suite 400<br>Towson, Maryland  21204<br>(410) 938-8800<br>(410) 825-2493 fax | |
| Counsel for Defendant<br>Caroline County Board of Education | Counsel for Plaintiff<br>Norman L. Nichols, Jr. |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN L. NICHOLS, JR. | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. |
| CAROLINE COUNTY BOARD OF EDUCATION | * | JFM-02-CV-3523 |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**EXHIBIT A**
**CONFIDENTIALITY AGREEMENT AND AFFIDAVIT**

1. I, _____, am a citizen of _____, _____ and reside at _____.

2. I have been requested by counsel for _____ to provide expert testimony or other assistance in this action.

3. I understand that in order for me to provide the expert testimony or other assistance requested, it will be necessary for me to examine confidential documents, or to be provided with information derived from the confidential documents as defined in the order protecting confidentiality of information dated _____.

4. I have received and read a copy of that protective order, and I fully understand its provisions. I understand and agree to be bound by the terms of that protective order, and to be personally responsible for preserving the confidentiality of documents and information in accordance with that protective order.

I SOLEMNLY AFFIRM under the penalties of perjury that the content of the foregoing Affidavit are true and correct.

_____