IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NORMAN L. NICHOLS, JR. | : |
| | :    Civil Action No. |
| | :    JFM-02-CV-3523 |
| Plaintiff | : |
| v. | : |
| | : |
| CAROLINE COUNTY BOARD | |
| OF EDUCATION | : |
| Defendant | : |
| : : : | |

## MOTION TO FILE SECOND AMENDED COMPLAINT

Plaintiff, by his attorney, Frederick P. Charleston, Esq., pursuant to Rule F.R.Civ.P. respectfully moves the court for permission to file a second amended complaint, and as grounds therefor asserts:

1. This action was originally commenced by Plaintiff in October, 2002, resulting from civil rights claims Plaintiff had against Defendant for actions taken against him including his termination on April 19, 2002.

2. As a result of that termination, Plaintiff filed an administrative appeal as well as a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 21, 2002.

3. After being off the Board payroll from May, 2002, Plaintiff, pursuant to the Agreement of the parties on August 1, 2002, was placed back in pay status on or about August 26, 2002, pending final resolution by the State Board of Education. This agreement was reached after it was learned that the Board had violated Plaintiff's due process rights on May 7, 2002 by unlawfully voting to accept Superintendent Lorton's recommendation of Plaintiff before it afforded Plaintiff an evidentiary hearing. However, Plaintiff was not allowed to teach during this period, instead being assigned to non-classroom related duties.

1

4. Beginning January, 2003, hearings on Plaintiff's administrative appeal were heard before the Honorable Michael J. Wallace, an Administrative Law Judge for the State of Maryland ("ALJ"). On April 21, 2003, the ALJ issued his recommended decision, in which he affirmed the decision to terminate Plaintiff.

5. Whereupon, on April 24, 2003, Superintendent Lorton notified Plaintiff in a letter dated April 24, 2003 that pursuant to the ALJ's recommendation, he was immediately removing Plaintiff from the payroll. Plaintiff immediately filed an administrative appeal of Superintendent Lorton's decision to stop his pay.

6. On July 23, 2003, the State Board upheld the decision to terminate Plaintiff, thereby becoming the final Board action.

7. Until on or about August 26, 2003, Plaintiff was of the impression that in removing him from the payroll in clear violation of the agreement between the parties, Lorton was acting on the advice of counsel. However, on August 26, 2003, while reviewing his personnel file, Plaintiff learned that Lorton's action was taken in contravention of his attorney's expressed advice, and without any legal foundation or basis. Lorton confirmed the same during his deposition taken by Plaintiff's counsel on September 16, 2003. Said action by Lorton damaged Plaintiff by denying him two (2) months pay, was in clear contravention of the Agreement entered into by the Parties, and constitutes unlawful retaliation against Plaintiff.

8. Plaintiff seeks to amend his complaint to include the above act of retaliation. Plaintiff is aware that this new allegation of retaliation by Defendant generally must first be filed with the EEOC and a right to sue letter obtained before it may be entertained by this Court. However, Courts have allowed subsequent claims to be litigated without the formality of filing a charge especially when retaliation is claimed. See Malhotra v. Cotter & Co., 885 F.2d 1305 (7th Cir. 1989); Baker v. Buckeye Cellulose Corp., 856 F.2d 167 (11th Cir. 1988), Indeed, this Court in Hubbard v. Rubbermaid, Inc., 436 F. Supp. 1184, 1191 (D.Md. 1977), allowed an

exception to the rule. The rulings in the above cases were based generally on the theory that if the subsequent events were "reasonably related" to the events at issue, there was no need to go through the formakity of filing a charge with the EEOC.

9. Plaintiff would also state that the parties and defense counsel in this matter were also involved in the subsequent acts of which Plaintiff complains and, as such, Defendant would not be prejudiced by this amendment at this time.

10. Pursuant to Local Rule 103(6)(d), I contacted counsel to secure their consent to this motion. They indicated they were opposed to its granting.

WHEREFORE, for the reasons set forth above or for whatever other reasons the Court deems proper, Plaintiff prays that he be allowed to amend his complaint as set forth in the proposed Second Amended Complaint.

Respectfully Submitted,

_____
Frederick P. Charleston, Esq.
Attorney at Law
Fed. Ct. Bar No. 02933
2530 N. Charles St., Suite 201
Baltimore, Maryland  21202
(410) 662-0010

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of September, 2003, a copy of the foregoing Motion To File Second Amended Complaint was served via facsimile and mailed first class, postage prepaid, to Leslie Robert Stellman, Esq., and Steven B. Schwartzman, Esq , Hodes, Ulman, Pressin & Katz, 901 Dulaney Valley Road, Towson, MD. 21204.

_____
Frederick P. Charleston, Esq.