IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN L. NICHOLS, JR. | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. |
| CAROLINE COUNTY BOARD OF EDUCATION | * | JFM-02-CV-3523 |
| Defendant | * | |

*************************************************************************

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO FILE SECOND AMENDED COMPLAINT**

NOW COMES Defendant Caroline County Board of Education ("Board of Education") and, files this opposition to Plaintiff's motion to file a second amended complaint for the following reasons.

**A. Plaintiff's Motion Should Be Denied As Untimely.**

Plaintiff had ample opportunity to file an amended complaint on the asserted grounds, but chose not to request leave to amend until the day after the close of all discovery. Plaintiff asserts that the Defendant retaliated against him by removing him from payroll status on April 24, 2003. In fact, on June 27, 2003, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Human Relations ("MCHR") alleging retaliation with respect to terminating his salary. Plaintiff has provided no adequate justification for his decision to wait until after the close of discovery to amend his complaint, when he was clearly on notice of the underlying facts as of April or June 2003.

Because the allegations raise factual issues not previously explored in the case, the parties would be prejudiced unless the Court were to revise its Scheduling Order and allow for additional discovery.

The Court initially called for all discovery to be completed by May 29, 2003. By Order dated February 27, 2003, the Court extended the discovery deadline to July 29, 2003. By Order dated July 17, 2003, the Court, at the parties' request, extended the discovery deadline, once again, to September 29, 2003, with a deadline for summary judgment motions of October 29, 2003.

The Court has the authority to deny a motion to amend if it is the product of undue delay and if prejudice would result to the non-movant. See Redding v. Anne Arundel County, Maryland, 996 F. Supp. 488, 491 (D. Md. 1998) (denying motion for leave to amend complaint when summary judgment motion was pending and the allegations which the plaintiff sought to add were within the plaintiff's knowledge and could have been presented at an earlier time); National Union Fire Ins. Co. v. Allfirst Bank, -- F. Supp. 2d --, 2003 WL 22100133 (D. Md., Sept. 5, 2003) (denying motion for leave to amend when the plaintiff did not file the motion until the day that discovery closed).

As the Court knows from Defendant's status report, Defendant intends to file a motion for summary judgment. That motion is due on October 29, 2003. Allowing Plaintiff to amend his complaint at this late stage would seriously impair Defendant's ability to seek summary judgment on all issues, without further amendment of the Scheduling Order. Defendant contends that this is not necessary, particularly since Plaintiff had knowledge of the relevant facts in April 2003 and filed his charge of discrimination in June 2003. Discovery could have been completed on all issues within the deadline had Plaintiff filed a more timely motion for leave to amend.

### B. Plaintiff Has Failed to Exhaust His Administrative Prerequisites with Regard to the New Allegations.

As stated above, Plaintiff filed a charge of discrimination raising the pay issue in June 2003. The MCHR, which is investigating the charge, has not concluded its processing and the EEOC has not issued a notice of right-to-sue letter. As such, this cause of action is premature.

The Fourth Circuit requires that, "[b]efore a federal court may assume jurisdiction over a claim under Title VII, ... a claimant must exhaust the administrative procedures enumerated in 42 U.S.C. § 2000e-5(b). . .." Davis v. North Carolina Dept. of Correction, 48 F.3d 134, 137 (4th Cir. 1995). The EEOC's administrative scheme is necessary because "it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F. 3d 218, 222 (8th Cir. 1994)(citing Patterson v. McLean Credit Union, 491 U.S. 164, 180-81 (1989)). Because Plaintiff did not allow the MCHR/EEOC to complete its investigation/conciliation efforts and issue a notice of right-to-sue letter, Plaintiff failed to exhaust his administrative remedies and his motion for leave to amend should be denied.

### C. Plaintiff's Motion Should Be Denied as it Relies on Attorney-Client Privileged Communications.

As grounds for his motion, Plaintiff alleges that Defendant acted against the advice of counsel in deciding to remove him from payroll status. Plaintiff relies on an April 22, 2003 letter which he discovered in his personnel file on August 16, 2003. That letter was included in his personnel file by mistake. Defendant previously advised Plaintiff that the April 22, 2003 letter was an attorney-client privileged document and was inadvertently included in his personnel file. Defendant advised that the letter contained attorney-client communications between the undersigned counsel and the Defendant and that the Defendant did not waive its privilege and would oppose any reference to the letter in the course of litigation. See Exh. A (Sept. 22, 2003 letter). Defendant opposes Plaintiff's motion to amend the complaint to the extent that it relies on this attorney-client privileged communication as a basis.

In any event, Plaintiff certainly had sufficient facts that the decision to remove him from payroll status could give rise to a cause of action for retaliation by at least June 2003 when he filed a charge of

discrimination. His failure to amend his complaint at that time, prior to the parties' completion of discovery, is inexcusable.

For the foregoing reasons, Plaintiff's motion for leave to file second amended complaint should be denied.

                                                                /s/
                                       Leslie Robert Stellman
                                       Federal Bar No. 01673

                                             /s/
                                       Steven B. Schwartzman
                                       Federal Bar No. 04686

HODES, ULMAN, PESSIN & KATZ, P.A.
Dulaney Valley Road, Suite 400
Towson, Maryland  21204
Tele: (410) 938-8800
Facsimile: (410) 938-8909

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 1st day of October, 2003, a copy of the Defendant's Opposition to Plaintiff's Motion to File Second Amended Complaint was mailed, U.S. first class mail, postage prepaid, to Frederick P. Charleston, Esquire, 2530 N. Charles Street, Suite 201, Baltimore, Maryland 21202, attorney for Plaintiff.

/s/
Steven B. Schwartzman

G:\files\STEVE\Caroline County BOE-Nichols\oppositiion REVISED to motion to file second amended complaint.doc

**HODES, ULMAN, PESSIN & KATZ, P.A.**

901 Dulaney Valley Road | Suite 400 | Towson, MD 21204
phone 410.938.8800 | fax 410.823.6017 | www.hupk.com

September 2, 2003

PERSONAL AND CONFIDENTIAL

Mr. Norman Nichols
209 Reliance Avenue
Federalsburg, Maryland 21632

Re: Nichols v. Caroline County Board of Education

Dear Mr. Nichols:

Dr. James Orr has advised me that during the course of your review of your personnel file last week, you came across an April 22, 2003 letter from this office to Dr. Lorton enclosing ALJ Michael Wallace's ruling. That letter was an attorney-client privileged document and was inadvertently included in your personnel file. The placement of that letter in your personnel file was in error and its disclosure to you was in error as well. The letter contains communications made in confidence between this Firm and the Caroline County Board of Education ("Board"). The Board does not waive its privilege with respect to that letter.

The purpose of this letter is to place you on notice that the Board has removed the April 22, 2003 letter from your personnel file. The Board will object to any reference to the letter, or the introduction of the letter, in the course of any litigation. The Board will file a motion for protective order, if necessary.

Since your personnel file review occurred in the context of the administrative proceeding, in which you are not represented by counsel, I am sending this letter to you directly. I am sending a courtesy copy to your counsel in the federal court litigation.

If you have any questions, please contact me directly.

Very truly yours,

Leslie R. Stellman

cc: Dr. James Orr
Frederick Charleston, Esq.

EXHIBIT A

*The Maryland Law Firm*

TOWSON    COLUMBIA    BEL AIR    CAMBRIDGE    BETHESDA    HAVRE DE GRACE