**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NORMAN L. NICHOLS, JR.** | : | |
| | : | **Civil Action No.** |
| | | **JFM-02-CV-3523** |
| **Plaintiff** | : | |
| **v.** | | |
| | : | |
| | : | |
| **CAROLINE COUNTY BOARD** | | |
| **OF EDUCATION** | : | |
| **Defendant** | : | |
| : : : | | |

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
FILE SECOND AMENDED COMPLAINT**

Plaintiff, by his attorney, Frederick P. Charleston, Esq., respectfully submits the following Reply to Defendant's Opposition to Plaintiff's Motion to File Second Amended Complaint. As grounds therefore, Plaintiff states as follows.

**I.    REPLY ARGUMENT**

In its Opposition, Defendant sets forth three (3) bases for opposing the motion: (1) That the motion is untimely;  (2) That the administrative pre-requisites have not been satisfied; and (3) That the motion should be denied as it relies on attorney-client privileged communications. Short replies to each follow:

**A.    TIMELINESS OF MOTION**

Although it is true that Plaintiff was aware that Dr. Lorton had removed him from payroll status on April 24, 2003, Plaintiff and his counsel assumed that this action was taken consistent with the advice of counsel for Lorton. Hence, although Plaintiff did in fact believe the action was wrongful, it appeared that Dr. Lorton would

have a justifiable defense of "acting on advice of counsel." to any claim brought as a result of this action.

As indicated in the motion to amend, it was not until August 26, 2003, that Plaintiff learned that Dr. Lorton's action appeared to be contrary to his counsel's advice, as set forth in a letter to him dated April 22, 2003. Based upon that knowledge it seemed that the requisite intent to prove intentional discrimination or retaliation might now exist. Dr. Lorton's deposition was taken on September 16, 2003, and while he was not allowed by counsel to answer specific questions about the contents of his counsel's letter, he did acknowledge he received and reviewed the letter from his counsel prior to removing Plaintiff from the payroll. At that time, it became clear to Plaintiff and counsel that the evidence needed to allege and prove that Dr. Lorton's actions were both intentional and malicious did in fact exist.

Even if counsel had filed the motion to amend the very next day Defendant would have undoubtedly contended it was untimely for the reasons set forth in its opposition. Plaintiff would contend that it was prudent to wait for Dr. Lorton's confirmation before seeking to include his act as another claim in this litigation.

Plaintiff would also state that he has no objection to extending the time for defendant to conduct discovery on this issue before it is required to file its motion for summary judgment.

### B.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Again, it is true that generally a federal court cannot take jurisdiction over a Title VII charge until it has been through the EEOC, has provided the EEOC with an opportunity to investigate and conciliate, and a right to sue letter issued. However, it would appear that the Court still has discretion in appropriate circumstances to entertain like and related claims or claims flowing from the original charges of discrimination without going through the EEOC process. Moreover, the Court is

undoubtedly aware that because of budgetary constraints fewer and fewer charges of discrimination are actually being investigated before a notice of right to sue is issued.

It would seem in the interest of judicial economy that this claim be heard by this court now instead of later.

Finally, if the Court grants the motion to amend, plaintiff would immediately withdraw his charge with the Maryland Commission of Human Relations.

## C.     ATTORNEY-CLIENT  PRIVILEGED  COMMUNICATIONS

A copy of the correspondence containing the advice from counsel which Dr. Lorton ignored was placed in Plaintiff's personnel file by one of Defendant's agents or employees. Plaintiff committed no wrongdoing in obtaining this information. Hence, once it was available to Plaintiff, he had a right (and his counsel had an obligation) to determine whether Lorton's actions constituted intentional and malicious discrimination and retaliation. As indicated above, counsel did not act on Lorton's action until it was discovered that he had brazenly ignored his attorney's advice.

WHEREFORE, for the reasons set forth above or for whatever other reasons the Court deems proper, Plaintiff prays that he be allowed to amend his complaint as set forth in the proposed Second Amended Complaint.

Respectfully Submitted,

_____
Frederick P. Charleston, Esq.
Attorney at Law
Fed. Ct. Bar No. 02933
2530 N. Charles St., Suite 201
Baltimore, Maryland 21202
(410) 662-0010

3

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October, 2003, a copy of the foregoing Reply To Opposition To Motion To File Second Amended Complaint was mailed first class, postage prepaid, to Leslie Robert Stellman, Esq., and Steven B. Schwartzman, Esq. , Hodes, Ulman, Pressin & Katz, 901 Dulaney Valley Road, Towson, MD. 21204.

_____
Frederick P. Charleston, Esq.