IN THE UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| **NORMAN L. NICHOLS, JR.** | : | |
| | : | **Civil Action No. JFM-02-CV-3523** |
|        **Plaintiff** | : | |
| v. | : | |
| | : | |
| **CAROLINE COUNTY BOARD OF EDUCATION** | : | |
|        **Defendant** | : | |
| : : : | | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S BILL OF COSTS**

Plaintiff Norman L. Nichols, Jr., by his undersigned attorney, respectfully files this Opposition to Defendant's Request For Costs in the above matter.

## I.  INTRODUCTION

Plaintiff brought this action in October, 2002 alleging violations of Title VII of the 1964 Civil Rights Act as amended 1991, 42 U.S.C. 2000e et seq. ("Title VII") and violations of his rights to freedom of speech and religion under the First Amendment to the United States Constitution.

On February 23, 2004, the Court entered summary judgment for Defendant on all issues. Defendant has now filed its request for costs seeking deposition costs in the amount of $2003.57.

For the reasons set forth below, Plaintiff requests that costs be denied or, in the alternative, be reduced from the amount requested.

II.  **ARGUMENT**

Defendant seeks costs for four (4) depositions which were taken in this action. Of those four, only one was taken by Defendant – that of the Plaintiff. The other three (3) depositions were taken by Plaintiff. These depositions were of Dr. Larry Lorton, Defendant's Superintendent of Schools; Janet Fountain, principal at Defendant's Colonel Richardson Middle School; and Robert Eugene Smith, assistant principal at Defendant's Colonel Richardson Middle School.

Accordingly, the only deposition cost "necessarily" incurred was for Plaintiff's deposition. According to the invoice submitted by Defendant, that cost totaled $751.40. There was absolutely no need for Defendant to purchase a copy of the Lorton, Fountain, and Smith depositions to *prepare* its motion for summary judgment as the information provided by these individuals could have been obtained through affidavits. Moreover, as was consistently noted by Defendant in its moving papers, prior to its motion for summary judgment, sworn testimony of these employees of Defendant (as well as Plaintiff) was available in transcript format from the various administrative hearings accompanying Plaintiff's claims in this matter.

Additionally, as the Court is aware, Plaintiff has been terminated by Defendant after over thirty (30) years of service. He has incurred attorney's fees as well as deposition costs in this matter (those of Lorton, Fountain and Smith). Unlike Defendant, Plaintiff *was* required to depose these witnesses to adequately and intelligently respond to Defendant's motion for summary judgment. He had no other access to them. To save costs, Plaintiff did not purchase a copy of his own deposition, reserving such purchase for use at trial. Moreover, Plaintiff did in fact utilize testimony of some witnesses who testified at the above-mentioned administrative hearings and did not incur the costs of deposing them in this litigation.

Also, as the Court is aware, Defendant has denied Plaintiff almost two (2) months salary from April through July, 2003. Plaintiff sought to amend his complaint

2

in his litigation to include that claim but his motion was denied. The claim is still pending with the Maryland Commission On Human Relations and in the Caroline County Circuit Court. Plaintiff's loss of those two (2) months salary further adversely affects his economic condition.

Defendant is certainly in a better position to absorb these costs, as Plaintiff is in a day to day to day-to-day struggle to make ends meet. For Defendant to now seek to have these costs is like poring salt on Plaintiff's wounds. Obviously, Plaintiff realizes that had he not pursued these claims, such costs would not have been incurred. However, Plaintiff had (and still has) a good faith belief in his claims and had no choice but to fight for his job and career.

**V.   CONCLUSION**

For the above reasons or whatever other reasons the Court deems just and proper, Plaintiff requests the Court deny Defendant's Request For Costs, or, in the alternative, reduce the amount.

Respectfully Submitted,

____/s/_____
Frederick P. Charleston, Esq.
Bar No. 02933
2530 N. Charles St., Suite 201
Baltimore, Maryland 21218
(410) 662-0010

**REQUEST FOR HEARING**

Plaintiff respectfully requests the Court hold a hearing on Defendant's Request For Costs.

_____/s/_____
Frederick P. Charleston, Esq.

3

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 10th day of March, 2004, a copy of the foregoing Plaintiff's Opposition To Defendant's Bill of Costs was mailed, first class postage prepaid, to Leslie Robert Stellman, Esq., and Steven B. Schwartzman, Esq., Hodes, Ulman, Pressin & Katz, 901 Dulaney Valley Road, Towson, MD. 21204.

                                            _____/s/_____
                                              Frederick P. Charleston, Esq.