IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN L. NICHOLS, JR. | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JPM02CV3523 |
| CAROLINE COUNTY BOARD OF EDUCATION | * | |
| | * | |
| Defendant | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER, AMEND OR
RECONSIDER JUDGMENT OR ORDER**

Defendant, Caroline County Board of Education (hereinafter "Board") by its undersigned counsel, files this Opposition to Plaintiff Norman L. Nichols, Jr.'s ("Mr. Nichols")'s Motion to Alter, Amend or Reconsider Judgment or Order.

**I. INTRODUCTION**

The Court granted summary judgment in favor of the Board on February 23, 2004.  Mr. Nichols has now filed a motion under Rule 59(e) to alter or amend the judgment.[1]  In support of his motion, Mr. Nichols alleges that the Court applied the wrong burden of proof and failed to properly credit various facts and legal theories raised by Mr. Nichols in his prior opposition pleadings.  In short, Mr. Nichols fails to allege anything new in his motion.  He merely restates the same arguments he raised below in the hope that the Court will change its mind.

---

[1] Mr. Nichols erroneously cites Local Rule 105.11 in support of his motion.  Local Rule 105.11 addresses the sealing of pleadings, motions or exhibits and is not relevant to this proceeding.  Counsel apparently intended to cite Local Rule 105.10, which addresses motions to reconsider.

## II.  STANDARD OF LAW

This Court recently set forth the standard in Rule 59(e) cases in Maryland Electrical Industry Health Fund v. Kodiak Utility Construction, (slip opinion) 2004 WL 112722 (D. Md., Jan. 20, 2004), where it stated:

> As a general rule, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2801.1 (1995)). The Federal Rules of Civil Procedure do not provide a standard for determining when a Rule 59(e) motion to alter or amend should be granted, however, the Fourth Circuit has recognized a number of circumstances in which a Rule 59(e) motion may be granted. Id. An earlier judgment may be amended: 1) to accommodate an intervening change in controlling law, 2) to account for new evidence not available at trial, or 3) to correct a clear error of law or to prevent manifest injustice. Id. The Fourth Circuit has also held that relief may be granted under Rule 59(e) to "correct manifest errors of ... fact upon which the judgment is based." Small v. Hunt, 98 F.3d 789, 797 (1996).

Id.  In the instant case, as we show below, the Plaintiff has offered no basis for reconsidering the Court's Opinion.

## III.  ARGUMENT

*1.    Mr. Nichols does not allege that there has been an intervening change in the law.*

Mr. Nichols cites Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000), in which the United States Supreme Court held that a plaintiff's prima facie case of discrimination, combined with sufficient evidence for a reasonable factfinder to reject the employer's nondiscriminatory explanation for its decision, may be adequate to sustain a finding of liability for intentional discrimination under the ADEA.  Mr. Nichols argues that summary judgment is not appropriate in the instant case because the Board's motive and intent are at issue.

First, the Reeves decision, which was issued some three-and-a-half years ago, does not represent an intervening change in the law.  The Court even cited the Reeves case in its Opinion.  Second, the

Reeves decision does not suggest that the Court cannot grant summary judgment in Title VII cases where motive is at issue. Yet, Reeves made clear that summary judgment is still appropriate where, as here, the plaintiff simply fails to present a prima facie case of discrimination.

In the Reeves case, unlike the instant case, the plaintiff established a prima facie case of discrimination and made a substantial showing that the defendant's legitimate, nondiscriminatory explanation was false. By contrast, this Court concluded that many of Mr. Nichols' allegations failed to meet the second element of the prima facie test (i.e., that an adverse action took place). The Court also concluded that as to Mr. Nichols' claims of disparate treatment, Mr. Nichols did not produce sufficient evidence to show that he was meeting the Board's legitimate expectations of performance. Furthermore, the Court concluded that the Board articulated legitimate, non-discriminatory reasons for Mr. Nichols' downgrade and termination. The Court did not find any evidence from which to cast doubt on the Board's explanation. Since no pretext was found here, the Reeves analysis does not apply. And, because Mr. Nichols failed to meet his burden to establish a prima facie case of disparate treatment, the Court's granting of summary judgment was appropriate.

*2. Mr. Nichols has not asserted that there is new evidence not available below.*

Plaintiff has not cited to or offered any new evidence, merely restating various factual arguments previously presented to the Court, asking that the Court "revisit" the facts. In one instance, Plaintiff even attempts to raise facts contrary to the record below. Mr. Nichols, for the first time, claims that Dr. Lorton had an "active" role in the employment actions affecting Craig Henry and Candy Craft. The implication is that the Court should find that Mr. Henry and Ms. Craft were similarly situated to Mr. Nichols because Dr. Lorton was the superintendent of schools. Contrary to Mr. Nichols' assertion, the record evidence shows that the superintendent at the time of actions affecting Mr. Henry was R. Allan

Gorsuch, not Dr. Lorton. (See Defendant's Reply Memorandum, p. 9).² As to Ms. Craft, the record does not reflect whether Dr. Lorton was her superintendent. Even if he was, there is nothing to suggest his involvement in the decision to place Ms. Craft on a PIP. Ms. Craft was placed on a PIP by her principal, Dale Kevin Brown, not Dr. Lorton. (See Defendant's Reply Brief, p. 10). As to Earl Jester, Mr. Nichols notes that Mr. Jester was observed two times during the 2000-2001 school year whereas Mr. Nichols was observed four times. Since the Court concluded that the number of observations was not an adverse employment action, Mr. Nichols' claims with regard to Mr. Jester are not relevant.

In any event, Mr. Nichols has not produced any new facts which were not available below. The Court considered Mr. Henry, Ms. Craft and Mr. Jester and concluded that they were not similarly situated. Mr. Nichols has not presented a legally sufficient basis to alter that finding.

3.   *Mr. Nichols has not demonstrated that the Court made a clear error of law.*

Mr. Nichols does not raise any new legal arguments. He merely re-states the arguments made in his earlier briefs. Mr. Nichols cannot meet his burden by citing observations previously made to the Court.

4.   *Defendant objects to Mr. Nichols' attempt to raise the issue of the alleged August 1, 2002 agreement with Mr. Nichols.*

Mr. Nichols argues that Dr. Lorton's discriminatory intent is reflected by the fact that he terminated Mr. Nichols' employment in violation of an alleged August 1, 2002 agreement that Mr. Nichols be allowed to remain on the Board's payroll until the Maryland State Board of Education issued its final decision. (See Plaintiff's Motion to Alter or Amend, p. 4). Mr. Nichols had previously sought to amend his Complaint to add claims related to the alleged breach of this agreement. By Order

---

² In Mr. Nichols' Opposition to Plaintiff's Motion for Summary Judgment, he attached various documents related to Mr. Henry. Included is an April 13, 1993 letter accepting Mr. Henry's resignation. (See Exh. 6). The letter is signed by R. Allan Gorsuch, then the Superintendent of Schools.

dated October 17, 2003, the Court denied Mr. Nichols' attempt to litigate these issues. For Mr. Nichols to raise this matter in his Motion to Alter or Amend is, therefore, highly inappropriate, and should be rejected.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Alter or Amend should be denied.

/s/
Leslie Robert Stellman
(Federal Bar No. 1673)

/s/
Steven B. Schwartzman
(Federal Bar No. 04686)
HODES, ULMAN, PESSIN & KATZ, P.A.
901 Dulaney Valley Road - Suite 400
Towson, Maryland 21204
410-339-6746
410-938-8909 fax

Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of March 2004, a copy of Defendant's Opposition to Plaintiff's Motion to Alter, Amend or Reconsider Judgment or Order was e-filed and mailed by U.S. mail, postage prepaid to Frederick P. Charleston, Esquire, 2530 North Charles Street, Suite 201, Baltimore, Maryland 21218.

/s/
Steven B. Schwartzman

G:\files\STEVE\Caroline County BOE-Nichols\summary judgment\opposition to motion to alter or amend.doc