IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NORMAN L. NICHOLS, JR. | * | |
|    Plaintiff | * | |
| v. | * | CIVIL NO. JFM-02-3523 |
| CAROLINE COUNTY BOARD OF EDUCATION | * | |
| | * | |
|    Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO BILL OF COSTS**

The Board of Education of Caroline County ("the Board"), Defendant, by its undersigned counsel Leslie R. Stellman, Steven B. Schwartzman, and Hodes, Ulman, Pessin & Katz, P.A., files this Reply in support of its Bill of Costs.

The Plaintiff, Norman L. Nichols, Jr. ("Mr. Nichols") asks the Court to deny or reduce the Bill of Costs on two grounds: (1) the necessity of the deposition transcripts, and (2) the comparative financial ability of the parties. It is undisputed that Mr. Nichols deposed three witnesses, two current and one retired employee of the Board. Mr. Nichols contends that the Board should not be reimbursed for the expense of obtaining the deposition transcripts because the Board could have obtained their testimony through other means. However, once Mr. Nichols decided to take the depositions of Dr. Lorton, Ms. Fountain and Mr. Smith, the Board was compelled to appear at the deposition and compelled to obtain a copy of the transcript. Regardless of any voluntary statements these witnesses could have provided to the Board, the Board plainly needed to obtain a copy of their sworn deposition testimony since that testimony was anticipated to be used by the Plaintiff in the Plaintiff's Opposition to the Board's Motion for Summary Judgment. In fact, as expected, Mr. Nichols cited from the deposition testimony of these witnesses in his Opposition to

Defendant's Motion for Summary Judgment. How can the Plaintiff seriously contend that the Board did not need transcripts of the depositions of these three witnesses when he used their deposition testimony in his Opposition?

28 U.S.C.A. § 1920 (2) specifically provides that a judge or clerk of any federal court may tax fees of a court reporter for a stenographic transcript "necessarily obtained for use in the case." If for no other reason than the fact that Mr. Nichols cited deposition testimony in his Opposition, the Board contends that the costs of these three transcripts were "necessarily obtained." Costs may be denied to a prevailing party only when there is an element of injustice in a presumptive cost award. See Cherry v. Champion Inter'l Corp., 186 F.3d 442, 446 (4th Cir. 1999) (citing Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981)). Surely, the Plaintiff has not articulated an element of injustice in the Board's obtaining the deposition transcripts of depositions noted by the Plaintiff and used by the Plaintiff in summary judgment proceedings.

The U. S. Court of Appeals for the Fourth Circuit has also recognized an exception to the ordinary award of costs when the losing party's inability to pay would create an injustice. Id. at 446. In Cherry, supra, the plaintiff argued that she had modest means, no independent income, and no property in her own name, and thus, the Court should not tax the $3,556 in deposition costs. The plaintiff produced evidence of her income, investments, and property holdings. The Court, however, refused to adopt a rule exempting an unsuccessful plaintiff from satisfying court costs. Id. at 447. The Court determined that the plaintiff had sufficient assets to pay her normal expenses, and therefore, had money to pay for the assessment of costs. By contrast, Mr. Nichols has provided no information as to his income or net worth. He merely complains that he was denied two months' pay (the subject of a claim which this Court has refused to hear) and is trying "to make ends meet." Surely, he has not presented any evidence from which this Court could decide

that Mr. Nichols lacks the financial resources to pay the $1,252.17 in disputed costs. (Mr. Nichols apparently concedes that he is obligated to pay the costs of his own deposition).

To the extent that Mr. Nichols argues that the Board is better equipped to bear these costs, the Fourth Circuit in <u>Cherry</u> has found it wrong to rely on the comparative economic power of the parties to determine responsibility for costs. <u>Id</u>. at 448.

> Such a factor would almost always favor an individual plaintiff such as Cherry over her employer defendant. Moreover, the plain language of Rule 54(d) does not contemplate a court basing awards on a comparison of the parties' financial strengths. To do so would not only undermine the presumption that Rule 54(d)(1) creates in prevailing parties' favor, but it would also undermine the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.

(citation omitted). <u>Id</u>. at 448. There is nothing in the record from which this Court could even make a determination of the comparative economic power in this instance. As this Court no doubt well knows, school systems do not necessarily have vast resources, especially Caroline County's, which is one of Maryland's poorest jurisdictions. The Board's resources, generated from taxpayers, are limited and should more properly be allocated to text books and teachers' salaries, rather than be made to bear the costs of Mr. Nichols' unsuccessful litigation. This is Mr. Nichols' second federal court lawsuit alleging Title VII claims. Both have now been dismissed on summary judgment. The Board should not have to bear any more unnecessary costs brought about by Mr. Nichols' unfounded, though perhaps sincere, litigation. Therefore, the Board submits that its Bill of Costs should be granted.

Respectfully submitted,

/s/
Leslie Robert Stellman
Federal Bar No. 01673

                                                      /s/
                                  Steven B. Schwartzman
Federal Bar No. 04686
Hodes, Ulman, Pessin & Katz, P.A.
901 Dulaney Valley Road
4th Floor
Towson, Maryland 21204
410-938-8800
410-938-8909

**ATTORNEYS FOR THE DEFENDANT BOARD OF EDUCATION OF CAROLINE COUNTY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of March 2004, a copy of the foregoing Reply to Plaintiff's Opposition to Bill of Costs was filed electronically and mailed via first class mail, postage pre-paid, to Frederick P. Charleston, 2530 North Charles Street, Suite 201, Baltimore, MD 21218, Attorney for Plaintiff.

                                                      /s/
                                  Steven B. Schwartzman