IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NORMAN L. NICHOLS JR.            *

       Plaintiff            *

    vs.                                    *   CIVIL ACTION NO. JFM-02-3523

CAROLINE COUNTY BOARD OF         *
 EDUCATION
       Defendant.            *
                ******

### O R D E R

On February 23, 2004, Judge J. Frederick Motz granted Defendant Caroline County Board of Education's ("the Board") Motion for Summary Judgment. Judgment was entered in favor of Defendant that same date.

On February 25, 2004, the Board filed an itemized Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, seeking the award of $2,003.57 in court reporter transcription costs. The costs request was supported by affidavit and other exhibits. On March 10, 2004, Plaintiff filed an opposition, asking that the Court deny costs due to his financial hardship and his good faith effort in pursuing the matter or, in the alternative, reduce the taxation amount.[1]

The Clerk shall first address the hardship argument. He claims that he was terminated by the Defendant and denied two months salary. Plaintiff states that he has a good faith belief in his claims, and incurred attorney's fees and deposition costs in pursuing this matter. He argues that the Board is in a better position to absorb the deposition costs, given his financial difficulties.

---

[1] The United States Court of Appeals for the Fourth Circuit affirmed the judgment of this Court. The petition for rehearing was denied by the Fourth Circuit. On January 12, 2005, the record was returned.

The discretion to deny costs to a prevailing party rests with the Court, not the Clerk.[2] Inasmuch as Judge Motz did not direct the parties to bear their own costs, the undersigned is without authority to deny costs as requested by Plaintiff.

With regard to the taxation request, the Board seeks costs for court reporter fees associated with Plaintiff's deposition transcript, and copies of the deposition transcripts of Janet Fountain, Larry Lorton, and Robert Eugene ("Gene") Smith.

Deposition costs may be taxed under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, a court must "consider the extent of actual use of each deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D.Md. *1968), aff'd as modified,* 415 F.2d 55 (4th Cir. 1969), *cert. denied*, 397 U.S. 920 (1970); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

The undersigned Clerk's authority to tax costs is more limited. In this district the Clerk has

---

[2] A court's discretion to deny costs to a prevailing party is guided by appellate decisions and is far from unlimited. *See Cherry v. Champion Int'l Corp.*, 186 F.3d 442 (4th Cir. 1999). First, a presumption applies that costs are to be awarded to a prevailing party. "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." *Id.* at 446. Appropriate considerations might include misconduct by the prevailing party worthy of a penalty, the losing party's inability to pay, an excessive claim for costs, the limited value of the prevailing party's victory, and the closeness and difficulty of the issues. *Id.* Good faith by the losing party is a necessary prerequisite to a waiver of fees, but is by no means sufficient. The fact that a suit has been brought in good faith does not provide an independent basis to deny costs in favor of a prevailing defendant. *Id.*; *see also Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994), *c.f. Coyne-Delany Co. v. Capital Dev. Bd. of Illinois*, 717 F.2d 385 (7th Cir. 1983).

2

traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the deposition costs associated with those deponents who testified at trial.

Reduced costs shall be awarded as to the fees associated with obtaining copies of the depositions of Janet Fountain ($211.25), Larry Lorton ($265.00) , and Gene Smith ($123.75), which were relied on by the Board in its Motion for Summary Judgment.[3]  Paper No. 42 at Exs. 8-10.  The undersigned would be inclined to award costs associated with the transcription of Plaintiff's deposition.  However, the invoice for the Nichols's deposition is not itemized.   As I cannot assess whether the $751.40 cost request is reasonable, it shall not be awarded.

For the aforementioned reasons, costs shall be awarded in favor of Defendant and against Plaintiff in the amount of $600.00.[4]

Dated this __31st__ day of __January__, 2005.

> /s/
Frances E. Kessler, Chief Deputy Clerk
for: Felicia Cannon, Clerk of the Court

---

[3]  Defendant shall be allowed the per page rate of $1.25 for copies of these depositions.  Shipping and handling fees are not recoverable.

[4]  The parties are of course free to seek review of this decision under Fed. R. Civ. P. 54(d)(1).